**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                        Government,

        - against -

FELIX PARRILLA,

                        Defendant.

13-CR-360 (RMB)

**DECISION & ORDER**

## I. Background

On May 22, 2025, Defendant Felix Parrilla filed a *pro se* motion seeking a criminal sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. *See* Def.'s Mot., dated May 22, 2025, at 1 (ECF No. 441). Amendment 821 went into effect on November 1, 2023 and provided for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose . . . offense did not involve specified aggravating factors." U.S.S.G. § 1B1.10, comment (n.7); *see also* U.S.S.G. § 4C1.1.

Parrilla claims that "Amendment 821's addition of § 4C1.1 lowers [his] applicable guidelines range, making him eligible for . . . a two-level reduction in his offense level." Def.'s Mot. at 2, 3; *see* U.S.S.G. § 4C1.1(a).

The Government opposes Parrilla's sentence reduction. *See* Gov't Opp., dated July 7, 2025, at 1 (ECF No. 446). The Government contends that Parrilla "does not qualify for relief under Amendment 821 because he received an **aggravating role adjustment** under Section 3B1.1." *Id.* at 2 (emphasis added). The Government points out that then District Judge Alison Nathan "applied the aggravating role enhancement under Section 3B1.1(a) because she found that the defendant

1

was an organizer, leader, manager, or supervisor of five or more individuals in the criminal activity for which he was being sentenced." *Id.* at 2; Sent'g Tr. at 17–18 (ECF No. 298). Judge Nathan concluded that a two-point enhancement under 2D1.1(b)(2) applied because of "Parrilla's threats of violence." Gov't Opp. at 3; Sent'g Tr. at 9.

## II. Case History

On June 19, 2014, Parrilla was charged with one count of "conspiring to distribute five kilograms or more of cocaine." ECF No. 148; Gov't Sent'g Sub., dated Jan. 3, 2015, at 1 (ECF No. 274). The conspiracy included five participants: Felix Parrilla, Gary Thomas, Kirk Tang Yuk, Deryck Jackson, and Fred Fulton. Parrilla's base offense level was 34 but was increased to 42 due to the following aggravating factors:

- Pursuant to U.S.S.G. § 2D1.1(b)(2), an increase of two levels [was] warranted because Parrilla made credible threats to use violence.

- Pursuant to U.S.S.G. § 2D1.1(b)(15), an increase of two levels [was] warranted because Parrilla (i) receive[d] an adjustment [upward] under § 3B1.1; (ii) was directly involved in the importation of a controlled substance, *id.* § 2D1.1(b)(15)(C); and/or (iii) engaged in witness intimidation, *id.* § 2D1.1(b)(15)(D).

- Pursuant to U.S.S.G. § 3B1.1(a), an increase of four levels [was] warranted because Parrilla was an organizer or leader of a criminal activity that involved five or more participants . . .

Gov't Sent'g Sub. at 19; *see* Presentence Investigation Report ("PSR"), dated Oct. 10, 2014, ¶ 63–73 (ECF No. 446 Ex. A). Based upon an adjusted offense level of 42 and a Criminal History Category I, Parrilla's pre-trial Guidelines range was 360 months' to life imprisonment. *See id.* at 18–19; *see also* PSR ¶¶ 63–73, 83, 118.

Parrilla proceeded to trial before Judge Nathan, and on July 17, 2014 a jury returned a verdict of guilty against Parrilla and a number of his co-defendants. *See* Gov't Sent'g Sub. at 1; *see also* Gov't Opp. at 2. On January 9, 2015, Judge Nathan sentenced Parrilla to 300 months of

2

incarceration followed by five years of supervised release. *See* Judgment, dated Jan. 9, 2015, at 2–3 (ECF No. 283).

On January 14, 2015, Parrilla and co-defendants appealed to the United States Court of Appeals for the Second Circuit. *See* ECF No. 291. And, on March 15, 2018, the Second Circuit affirmed. *See United States v. Kirk Tang Yuk*, 885 F.3d 57 (2d Cir. 2018). On October 7, 2019, Parrilla filed a motion to vacate under 28 U.S.C. § 2255 which was denied by Judge Nathan on September 7, 2021. *See* ECF No. 318; 402.

The case was reassigned to this Court on May 3, 2024. *See* ECF No. 431.

**For the reasons set forth below, Defendant's motion is respectfully denied.**

### III. Legal Standard

"Section 3582(c)(2) permits a court to reduce a defendant's term of imprisonment if, after the defendant's sentencing date, the U.S. Sentencing Commission has lowered the defendant's sentencing range under the Guidelines." *United States v. Lynch*, 20 Cr. 202, 2024 WL 4566048, at *1 (S.D.N.Y. Oct. 24, 2024); *see* 18 U.S.C. § 3582(c)(2). But a court may reduce a sentence only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821 added Section 4C1.1 to the U.S. Sentencing Guidelines and, as noted, provides for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points" and "did not involve specified aggravating factors." U.S.S.G. § 1B1.10, comment (n.7). On November 1, 2023, the Sentencing Commission identified "circumstances in which zero-point offenders are appropriately **excluded from eligibility** in light of . . . the existence of aggravating factors in the instant offense," including "credible threats of

3

violence" and engaging "in a continuing criminal enterprise." U.S.S.G. § 4C1.1(a) (emphasis added).

IV. <u>Analysis</u>

Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because he "use[d] violence or credible threats of violence in connection with the offense" and because he "receive[d] an adjustment under § 3B1.1 (Aggravating Role)" for being "engaged in a continuing criminal enterprise." Supplemental Presentence Investigation Report ("Supp. PSR"), dated June 27, 2025, at 2–3 (ECF No. 444).

Judge Nathan "concluded that a two-point **enhancement** under 2D1.1(b)(2) applied because 'the preponderance of the evidence of the application support[ed] this enhancement.'" Gov't Opp. at 3; Sent'g Tr. at 9 (emphasis added). On February 12, 2013, for example, Parrilla used threats of violence, i.e. by threatening that he would "drive a car over [co-defendant Thomas] . . . if [he] spot[s] him on the side of the road." PSR ¶ 50; *see* Sent'g Tr. at 9. And, on three occasions in 2014, Parrilla used threats of violence by causing inmates at the Metropolitan Correctional Center to "intimidate" Jackson on Parrilla's behalf, causing Jackson to "fear for his safety." PSR ¶ 55; Sent'g Tr. at 9.

Parrilla appealed the imposition of a two-level enhancement for credible threats of violence. *See Kirk Tang Yuk*, 885 F.3d 57. The Second Circuit affirmed Judge Nathan's finding, concluding that "[t]he District Court reasonably took these as both a credible threat to use violence and witness intimidation." *Id.* at 82–83.

In addition, Defendant at sentencing, received an aggravating role adjustment under Section 3B1.1. Judge Nathan had found that "the preponderance of the credible evidence at trial supports the application of this [aggravating role] provision," in that "the offense involved five or

4

more participants," and Parrilla was "an organizer or leader of this conspiracy . . . based on evidence from trial that established that he instructed" the other participants on "how the 80 kilograms [of cocaine] would be divided." Sent'g Tr. at 17–18. Judge Nathan also found that Parrilla "set the price per kilogram for consignment . . . further bolstering his leadership role." *Id.* at 18. And, because of the use of credible threats of violence under Section 2D1.1(b)(2) and Parrilla's engaging in a continuing criminal enterprise under Section 3B1.1(a), Defendant Parrilla does not qualify for relief under Section 4C1.1(a). *See* Supp. PSR at 2–3; *see also* U.S.S.G. §§ 1B1.10; 4C1.1(a).

## V. <u>Conclusion & Order</u>

For the reasons stated above, and based upon the record, Defendant's motion for a sentence reduction (ECF No. 441) is respectfully denied. The Clerk of the Court is respectfully requested to send a copy of this Decision & Order to Defendant Parrilla.

Date: July 28, 2025
New York, New York

**RICHARD M. BERMAN, U.S.D.J.**